Mary S. KING

v.

Joseph A. CALIFANO or Patricia Harris, Secretary of Health, Education and Welfare of the United States.

Civ. A. No. 79-377-A.

United States District Court,
M. D. Louisiana.

Feb. 20, 1980.

Vanue B. Lacour, Lacour & Calloway, Baton Rouge, La., for plaintiff.

Mitchell B. Lansden, Asst. U. S. Atty., Baton Rouge, La., for defendant.

## OPINION OF THE COURT

JOHN V. PARKER, District Judge.

The Social Security Act, 42 U.S.C. § 402, provides for payment of Surviving Child's Insurance Benefits to "dependent children" (as that term is defined by law) of deceased insured wage earners. A legitimate child is "deemed dependent upon his father" but an illegitimate child (with some exceptions noted *infra*) is required to show that the father was living with or contributing to the support of the child. 42 U.S.C. § 402(d)(1) and 402(d)(3). The issue here is whether this applicant, proved to the satisfaction of the Administrative Law Judge to be the illegitimate daughter of the deceased, is "deemed dependent upon her father" and thus not required to prove actual dependency.

The facts found by the Administrative Law Judge, which are supported by substantial evidence, are:

"The record in this case shows that the wage earner, Frank E. McKneely, died June 2, 1976, without ever having acknowledged in writing that the child, Frankither McKneely, was his child.

"The record further clearly shows that the wage earner was not living with the child, Frankither McKneely, during any part of the year immediately preceding his death.

"Furthermore, there is no evidence that the insured worker was ever decreed by a court to be the child's father; there is no evidence that the insured worker was ordered by a court to contribute to the child's support, upon the premise that the child was his child.

"There is ample evidence of record that the child, Frankither McKneely, was in fact the daughter of the decedent, Frank E. McKneely. Supporting this finding is a statement made by the child's mother, Gertrude; testimony at the hearing from Corrine Jackson, showing that Frank McKneely had orally acknowledged to Corrine Jackson that he, Frank E. McKneely, was the father of Frankither McKneely; and testimony from Goldie Williams, Mary King's mother, showing that Frank E. McKneely had told Goldie Williams that he, Frank E. McKneely, was Frankither's father. There is also a statement from Herman McKneely (Exhibit 10) who states that his brother, Frank E. McKneely, did have an illegitimate child, Frankither McKneely.

"I am satisifed [sic] on the basis of all of this evidence that the father of Frankither McKneely is Frank E. McKneely, the deceased." (Tr. 7)

The legal conclusion of the administrative agency was:

"However, in order to establish entitlement to the benefits sought here, it is necessary to establish that Frank E. McKneely was either living with this child, Frankither, at the time of his death, or that he was supporting this child at the time of his death." (Tr. 7)

The Social Security Act establishes a number of statutory presumptions of dependency. Surviving children of deceased wage earners who cannot bring themselves within such a presumption are required to prove dependency, which means that the applicant must prove that the insured parent was "living with or contributing to the support of the applicant at the time such insured individual died." 42 U.S.C. § 416(h)(3)(C)(ii). The Supreme Court has construed the statute to be designed only to partially replace the actual support of deceased parents and has held that it is not constitutionally impermissible to permit some applicants who are not actually dependent to recover while others in the same situation (illegitimates) may not. See *Mathews v. Lucas*, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976); *Fleming v. Califano*, 594 F.2d 1081 (5th Cir. 1979). Here, we are concerned with 42 U.S.C. § 416(h)(2)(A). The Supreme Court in *Mathews v. Lucas* commented:

"In operative terms, the Act provides that an unmarried son or daughter of an individual, who died fully or currently insured under the Act, may apply for and be entitled to a survivor's benefit, if the applicant is under 18 years of age at the

time of application (or is a full-time student and under 22 years of age) and was dependent, within the meaning of the statute, at the time of the parent's death. . . . A child is considered dependent for this purpose if the insured father was living with or contributing to the child's support at the time of death. Certain children, however, are relieved of the burden of such individualized proof of dependency. Unless the child has been adopted by some other individual, a child who is legitimate, *or a child who would be entitled to inherit personal property from the insured parent's estate under the applicable state intestacy law, is considered to have been dependent* at the time of the parent's death. . . ." (96 S.Ct. at 2758–2759—Emphasis supplied)

In a footnote, the Court then quoted a portion of Section 402(d)(3) and concluded: "Additionally, any child who qualifies under § 216(h)(2)(A), see n. 1, *supra,* is considered legitimate for § 202(d)(3) purposes, and thus dependent." (96 S.Ct. at 2759)

42 U.S.C. 402(d)(3) provides:

"(3) A child shall be deemed dependent upon his father or adopting father or his mother or adopting mother at the time specified in paragraph (1)(C) of this subsection unless, at such time, such individual was not living with or contributing to the support of such child and—

"(A) such child is neither the legitimate nor adopted child of such individual, or

"(B) such child has been adopted by some other individual.

For purposes of this paragraph, a child deemed to be a child of a fully or currently insured individual pursuant to section 416(h)(2)(B) or section 416(h)(3) of this

title shall be deemed to be the legitimate child of such individual."

Section 416(h)(2)(A), which deals with state intestate succession law, in pertinent part, reads as follows:

"In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State . . in which he was domiciled at the time of his death . . . . Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such."

The Supreme Court has held that the intent of Section 416(h)(2)(A) is that a child who qualifies under that section in terms of state intestacy law "is considered legitimate for Section 203(d)(3) purposes, and thus dependent." The jurisprudence is to the effect, however, that proof by illegitimate children of a right to alimony or other obligation of support from the father is not sufficient to qualify. *Cruz v. Gardner,* 375 F.2d 453 (7th Cir. 1967). Accordingly, we turn to Louisiana law to determine whether this applicant "would have the same status relative to taking intestate personal property as a child." The law of Louisiana "determining the devolution of intestate personal property" is determined by the general law of irregular successions (Articles 875, 878), since we are dealing with an illegitimate child. More particularly, the provisions of Article 919[1] of the Louisiana Civil Code state:

"Natural children are called to the inheritance of their natural father, who has duly acknowledged them, when he has left no descendants nor ascendants, nor

---

1. Prior to its amendment by Louisiana Act No. 607 of 1979. While there could be argument as to the applicable law, the 1979 amendment made no substantive change; it substituted the word "illegitimate" for the word "natural" before the word "children" and deleted the word "natural" before "father" in two instances. Natural children under the Louisiana Civil

Code, prior to the 1979 amendments were illegitimate children acknowledged by their father. They were distinguished from "bastards" who were not or could not be acknowledged by their father. La.C.C. Art. 202. Since Act 607 of 1979 repealed Article 202, Louisiana has apparently abandoned this distinction between illegitimates.

collateral relations, nor surviving wife, and to the exclusion only of the State.

"In all other cases, they can only bring an action against their natural father or his heirs for alimony, the amount of which shall be determined, as is directed in the title: *Of Father and Child.*"

This claimant's right hinges on the effect of the informal oral acknowledgments made by her father during his lifetime. If these are sufficient to confer upon her the status of "acknowledged illegitimate," then she can inherit from her father, otherwise she cannot. Other applicable provisions of the Louisiana Civil Code are:

"Art. 208. Illegitimate children, who have not been legally acknowledged, may be allowed to prove their paternal descent."[2]

"Art. 209. In the case where the proof of paternal descent is authorized by the preceding article, the proof may be made in either of the following ways:

.   .   .   .   .

"2. When the father, either in public or in private, has acknowledged him as his child, or has called him so in conversation, or has caused him to be educated as such   .   .   .."

The informal type of acknowledgment authorized by Article 209, *supra*, has been declared by Louisiana jurisprudence to be as effective as a formal acknowledgment regarding inheritance from the father and proof of paternal descent has been accepted as sufficient to permit illegitimates to inherit. *Taylor v. Allen*, 151 La. 82, 91 So. 635 (1921); *Succession of Corsey*, 171 La. 663, 131 So. 841 (1930); *Succession of Washington*, 308 So.2d 892 (La.App. 2d Cir. 1974); *Rousseau v. Bartell*, 224 La. 601, 70 So.2d 394 (1954). The proof of acknowledgment here clearly amounts to proof of paternal descent or acknowledgment under Article 209, *supra*, and would be so accepted by a Louisiana court.

It is seen that under the law of Louisiana, quoted above, illegitimate children acknowledged by their fathers have a recognized position in the order of succession to their father's intestate estates. The law, by according them a place in the order of succession, recognizes them as the children of their fathers, and we believe that this is all that is required by the Social Security Act.

The Secretary maintains in brief that, since the record shows Frank E. McKneely to have been survived by at least one brother and possibly sisters, the child Frankither is excluded from the succession under Louisiana law and thus fails to qualify as a "child" under Section 416(h)(2)(A) Although it is beyond dispute that under Article 919, *supra*, acknowledged illegitimate children are called to the succession of their father only to the exclusion of the state, the argument is unpersuasive.[3] We think that the statute means that the Secretary is to consider as a child of an insured anyone who would be recognized as such by the indicated state law. Louisiana recognizes the rights of acknowledged illegitimates to take the intestate successions of their fathers in some circumstances and this is all that the law requires. Congress did not intend to make a child's right to be "deemed dependent upon her father" under the Social Security Act contingent upon whether her father left surviving brothers and sisters.

Here, Louisiana law recognizes that acknowledged illegitimate children may, under some circumstances, be accorded a place in the order of the successions of their fathers. We do not construe the Social Security Act as requiring actual inheritance. Accordingly, this applicant under

2. Article 208 was also amended by Act 607 of 1979, but the amendment only substituted "acknowledged as provided in Article 203" for the words "legally acknowledged." This change apparently gives legislative blessing to the "informal acknowledgment" already recognized by Louisiana jurisprudence.

3. Under Civil Code Article 919, surviving collaterals take to the exclusion of acknowledged illegitimates, thus Frankither McKneely will not inherit from Frank McKneely, if there actually are surviving collaterals.

Louisiana law "would have the same status relative to taking intestate personal property as a child" and shall be deemed a child. Under *Mathews v. Lucas*, this applicant, having qualified under Section 416(h)(2)(A) as a "child" is considered legitimate for Section 402(d)(3) purposes and thus is "deemed dependent" upon her deceased father.

Although, as we have indicated, there is substantial evidence to support the factual findings of the Secretary, we conclude that the Administrative Law Judge applied the wrong law.

The action of the Secretary is hereby reversed and this action is remanded to the Secretary of Health, Education and Welfare, with instructions to pay surviving child's insurance benefits to Frankither McKneely.