Mae Ella Johnson COTLONG, in her capacity as Natural Tutrix of her minor child, Samantha E. Johnson, Plaintiff–Appellant,

v.

Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant–Appellee.

No. 79–3799.

United States Court of Appeals, Fifth Circuit.

Unit A

Jan. 20, 1981.

J. Michael Fernandez, Jr., Lafayette, La., for plaintiff–appellant.

Leven H. Harris, Dorsite H. Perkins, Jr., Asst. U.S. Attys., Shreveport, La., for defendant–appellee.

Before GOLDBERG, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

The claimant, the mother of an illegitimate child ("Samantha"), filed this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1974). She seeks judicial review of the denial by the Secretary of Health, Education and Welfare of child's insurance benefits under Title II of the Social Security Act. The issue before the Secretary was whether claimant was a dependent child of her deceased natural father, the insured wage earner, as that term has been statutorily defined. 42 U.S.C. §§ 402(d)(1) and (3), 416(h)(2)(A). The claimant appeals from the district court's dismissal of her action.

We reverse. The previous denial of the claim was based upon the lack of factual dependency of Samantha upon her father. However, since under Louisiana law the undisputed facts show that Samantha was a member of a class of illegitimates entitled to inherit from her father in the event of intestacy, she is for social security child's insurance dependency purposes considered to be a "child" of the deceased wage earner, section 416(h)(2)(A), and, as such, she is statutorily deemed (in the same manner as is a legitimate child) to be dependent upon the deceased wage earner for purposes of the child's insurance benefits, *Mathews v.*

*Lucas,* 427 U.S. 495, 499, 96 S.Ct. 2755, 2755–59, 49 L.Ed.2d 651 (1976) (decided subsequent to the administrative rulings below).

I

The undisputed facts show that Samantha was an acknowledged natural (illegitimate) child of her father, the deceased wage earner. At the time of the decedent's death she was not living with her father. Although state court proceedings had found to the contrary, the administrative law judge found as a fact that she was not dependent upon her father at the time of his death.

Nevertheless, as the administrative law judge found, Samantha was entitled to inherit from her father, as his informally acknowledged child, in the event of his death intestate.[1] This right of inheritance is provided by La.Civ.C. art. 919 (1870),[2] which further provides, however, that the inheritance rights of an acknowledged illegitimate are primed by any surviving legitimate descendants, ascendants, collaterals, or surviving spouse.[3] (The record shows that the wage–earner father is survived by a wife, whom he had married shortly before his death, but by no other children.)

II

The Social Security Act provides that a child who meets certain age, filing

---

1. Under Louisiana law, a child may be "informally" acknowledged (i. e., not by a formal written instrument) by a father for purposes of intestate inherison as his "acknowledged" natural child. *Succession of Corsey,* 171 La. 663, 131 So. 841 (1930); Oppenheim, Louisiana Civil Law Treatise: Successions and Donations § 21 at 85–88 (1973). The administrative law judge specifically found that the deceased wage earner "was the natural father of Samantha" and that she was "entitled to inherit under the law of Louisiana as an illegitimate child."

2. La.Civ.C. art. 919 provides:
   Natural children are called to the inheritance of their natural father, who has duly acknowledged them, when he has left no descendants, nor ascendants, nor collateral relations, nor surviving wife, and to the exclusion only of the State.
   In all other cases, they can only bring an action against their natural father or his heirs

for alimony, the amount of which shall be determined, as is directed in the title: *Of Father and Child.*
This article was subsequently amended in 1979 in respects immaterial to the present issue.

3. The Louisiana Supreme Court has recently held that the subordination of the inheritance rights of acknowledged illegitimates to ascendants, collaterals, surviving spouses, and others is unconstitutional as arbitrarily discriminating against illegitimate children of this class. *Succession of Brown,* 388 So.2d 1151 (La.1980). We pretermit deciding whether the unconstitutionality of Civ.C. art. 919 by itself entitles Samantha to be considered as a legitimate child for purposes of social security presumed dependency. See *Ramon v. Califano,* 493 F.Supp. 158 (W.D.Tex.1980) and *Allen v. Califano,* 456 F.Supp. 168 (D.Md.1978).

and non–marriage requirements, 42 U.S.C. § 402(d)(1), and who has not been legally adopted by another, § 402(d)(3)(B), is eligible for benefits if the child was "dependent" within the meaning of the statute upon the wage earner at the time of his death. § 402(d)(1)(C)(ii). The Act then establishes a number of statutory presumptions of dependency. For instance, a legitimate or adopted child is deemed to be dependent and therefore entitled to child's insurance benefits under the Act. § 402(d)(3). Likewise, for purposes of the child's insurance benefits, certain classes of illegitimates are considered to be dependent whether or not in fact actually supported by their insured parent at the time of the latter's death.[4] Surviving children who cannot bring themselves within a classification statutorily presumed to be dependent are required to prove that the insured parent was living with or contributing to the support of the child at the time the insured wage earner died. § 416(h)(3)(C)(ii).

█ The issue before us is whether Samantha fell within one of the classifications of illegitimates statutorily presumed to be dependent, as the claimant urges she did; or whether, instead, the claimant must prove Samantha's actual dependency upon her father (as to which the administrative triers held the evidence to be insufficient), as the appellee Secretary argues.

The claimant mother argues that her daughter Samantha is statutorily considered a "child" of the insured decedent under § 416(h)(2)(A).[5] As construed in *Mathews v. Lucas*, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976), with specific regard to that provision, the Supreme Court summarized it as providing that "a child who would be entitled to inherit personal property from the insured parent's estate under the applicable state intestacy law, is considered to have been dependent at the time of the parent's death," 427 U.S. at 499, 97 S.Ct. at 2759; it further stated that "any child who qualifies under [that section] is considered legitimate for section 202(d)(3) purposes and thus dependent," *id.* at n.2.

In the context of the holding in *Mathews v. Lucas*,[6] the statutory test of being

---

**4.** An illegitimate may establish his claim to statutory dependency if he shows he falls into one of the following four categories:

   1) That the infant is the child of a marriage rendered invalid by some legal insufficiency. § 416(h)(2)(B).

   2) That the deceased wage earner had a) acknowledged the infant claimant in writing as his or her son or daughter, or b) been decreed by a court to be the claimant's parent, or c) been ordered by a court to support the claimant on the basis of parenthood. § 416(h)(3)(C)(i).

   3) That the deceased wage earner was actually living with or contributing to the support of the infant claimant at the time of the wage earner's death. § 416(h)(3)(C)(ii).

   4) That the infant would be entitled to inherit personal property from the deceased wage earner under the law that would be applied in determining the devolution of intestate personal property by the courts of the wage earner's state of domicile at death. § 416(h)(2)(A), as construed by *Mathews v. Lucas*, 427 U.S. 495, 514 n.17, 96 S.Ct. 2755, 2766 n.17, 49 L.Ed.2d 651.
*See Mathews v. Lucas*, 427 U.S. at 496–500, 96 S.Ct. at 2758–60, 49 L.Ed.2d 651.

**5.** Section 416(h)(2)(A) provides:
   In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, or, if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such.

**6.** The issue in *Mathews v. Lucas* was whether it was unconstitutionally discriminatory to require certain illegitimate children to prove actual dependency upon the deceased wage–earner in order to recover child's insurance benefits under the Act, whereas legitimate children and other categories of illegitimate children were statutorily presumed to be dependent and entitled to recover benefits whether or not actually dependent. Examining the classes entitled to the statutory presumption of dependency, the court noted that "we cannot say that the factors that give rise to a presumption of depend-

*deemed* to be a dependent child is based, not upon the individual circumstances of each child, but rather whether the child falls into the statutorily–dependent classification permissible as one "reasonably related to the likelihood of dependency at death" and adopted to facilitate efficient administration of the determination of benefits without requiring "specific case–by–case determination in the large number of cases where dependency is objectively probable." 427 U.S. at 509, 96 S.Ct. at 2764. Thus, in the present instance, Samantha is deemed to be a dependent child for purposes of social security child's insurance benefits, since (irrespective of whether she would actually inherit property) she fell within a class of illegitimate children statutorily presumed to be dependent because entitled under state law to inherit from the insured decedent in the event of the latter's intestacy. Her entitlement to benefits as a member of the statutory class legislatively accorded the presumption of dependency is not affected by the circumstance that under her own individual circumstances (that she

would in fact inherit nothing since her individual claim to inherit from the intestate was primed by a surviving spouse) she would in fact receive nothing by intestacy if her deceased father had in fact owned any property.[7]

Decisions relied upon by the appellee Secretary, such as *Fleming v. Califano,* 594 F.2d 1081 (5th Cir. 1979), are distinguishable. There, illegitimate children were indeed denied surviving children's insurance benefits, in the absence of proof of actual dependency upon the decedent; but in none of the cited decisions did the surviving child, as did Samantha here, fall within a class of illegitimates that were eligible by state law to inherit from a deceased natural parent in the event of the latter's intestacy.

*Conclusion*

The judgment of the district court is VACATED and the case is remanded to the Secretary for further proceedings consistent with this opinion.

VACATED AND REMANDED.

ency lack any substantial relation to the likelihood of actual dependency", 427 U.S. at 513, 96 S.Ct. at 2766; remarking with regard to the classification within which Samantha falls, "where state intestacy law provides that a child may take personal property from a father's estate, it may reasonably be thought that the child will more likely be dependent during the parent's life and at his death," 427 U.S. at 514, 96 S.Ct. at 2766. Finding that the classifications of children entitled to the statutory presumption of dependency were reasonably related to assuring coverage of those categories of children likely to be dependent, the Court found that the Act did not impermissibly discriminate against those illegitimates not within the classifications. Insofar as some of the individuals falling within the dependency–presumed classifications would not actually be dependent upon the decedent, the Court concluded that nevertheless the statutory classifications themselves were permissible because "reasonably related to the likelihood of dependency at death" and were justifiable for administrative reasons "to avoid the burden and expense of specific case–by–case determination in the large number of cases where dependency is objectively probable." 427 U.S. at 508–10, 96 S.Ct. at 2763–64.

7. In an excellent opinion of a federal district court in *King v. Califano,* 484 F.Supp. (M.D.La. 1980), a decision which has become final and

which the Secretary did not appeal, the same conclusion was reached after a similar analysis of the Louisiana intestacy law and the resulting eligibility of an acknowledged illegitimate to the presumption of dependency for child's insurance benefits by reason of § 416(h)(2)(A). In rejecting the contention that a particular child within the classification could not avail itself of the statutory presumption of dependency because surviving collaterals primed that child's claim upon its intestate father's estate, the court stated, 484 F.Supp. at 864:

We think that the statute means that the Secretary is to consider as a child of an insured anyone who would be recognized as such by the indicated state law. Louisiana recognizes the rights of acknowledged illegitimates to take the intestate successions of their fathers in some circumstances and this is all that the law requires. Congress did not intend to make a child's right to be "deemed dependent upon her father" under the Social Security Act contingent upon whether her father left surviving brothers and sisters [or a spouse].

Here, Louisiana law recognizes that acknowledged illegitimate children may, under some circumstances, be accorded a place in the order of the successions of their fathers. We do not construe the Social Security Act as requiring actual inheritance.