Norma DAVIS, Plaintiff,

v.

Patricia HARRIS, Secretary of Health and Human Services, Defendant.

Civ. A. No. 80–4951.

United States District Court,
E.D. Louisiana.

Sept. 16, 1982.

David R. Duhon, Guy Huard, Southeast La. Legal Services Corp., Hammond, La., for plaintiff.

Louis J. Volz, III, Asst. U.S. Atty., New Orleans, La., for defendant.

## MEMORANDUM OPINION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

CASSIBRY, District Judge:

Pursuant to section 205(g) of the Social Securities Act, 42 U.S.C. § 405(g), plaintiff, Norma Davis, seeks review of the final decision of the Secretary of Health and Human Services denying child's insurance benefits to three of her sons. Plaintiff alleges that the sons are entitled to the benefits because Melvin Jones, the deceased wage earner, did father the boys, although at the time he was legally married to another woman.

In the proceedings below, the Secretary did find that the three sons are the natural (illegitimate) children of Melvin Jones, and that Mr. Jones did live with the plaintiff during the years when the three children were born. However, the claim for child's insurance benefits was denied because the actual dependency of the sons at the time of their father's death was not proved, and it was determined that the sons did not fit

within any of the special statutory categories wherein dependency is presumed and need not be proved.

The Social Security Act provides that a child who meets certain age, filing, and non-marriage requirements, 42 U.S.C. § 402(d)(1), and who has not been legally adopted by another, § 402(d)(3)(B), is eligible for benefits if the child was "dependent", within the meaning of the statute, upon the wage earner at the time of his death. § 402(d)(1)(C)(ii). The Act then establishes a number of statutory presumptions of dependency. For purposes of the child's insurance benefits, certain classes of illegitimates are considered to be dependent whether or not in fact actually supported by their insured parent at the time of the latter's death. An illegitimate child may establish his claim to "statutory dependence" if he shows that he falls into one of the following three categories:

1) That the infant is the child of a marriage rendered invalid by some legal insufficiency. § 416(h)(2)(B).

2) That the deceased wage earner had a) acknowledged the infant claimant in writing as his or her son or daughter, or b) been decreed by a court to be the claimant's parent, or c) been ordered by a court to support the claimant on the basis of parenthood. § 416(h)(3)(C)(i).

3) That the infant would be entitled to inherit personal property from the deceased wage earner under the law that would be applied in determining the devolution of intestate personal property by the courts of the wage earner's state of domicile at death. § 416(h)(2)(A).

Surviving children who cannot bring themselves within a classification statutorily presumed to be dependent are required to prove that the insured parent was actually living with or contributing to the support of the child at the time the insured wage earner died. § 416(h)(3)(C)(ii). Because substantial evidence in the record establishes that Melvin Jones was not living with or actually contributing to the support of his sons at the time of his death, the only issue before this court is whether the plaintiff's sons fell within one of the classifications of illegitimates statutorily presumed to be dependent, as the plaintiff urges they did.[1]

The plaintiff argues that her sons are statutorily considered the "children" of the insured decedent under § 416(h)(2)(A).[2] As construed in *Mathews v. Lucas,* 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976), the Supreme Court summarized this provision to mean that "a child who would be entitled to inherit personal property from the insured parent's estate under the applicable state intestacy law, is considered to have been dependent at the time of the parent's death." 427 U.S. at 499, 96 S.Ct. at 2759. "Any child who qualifies under [that section] is considered legitimate for section 212(d)(3) purposes and thus dependent." *Id.* at n. 2.

■ In this case, the Secretary found that under the laws of Louisiana, the plaintiff's sons, as illegitimate children, would not be entitled to inherit from the estate of the deceased wage earner. In this respect, the Secretary made an error of law. The plaintiff's children, as acknowledged illegitimates, were entitled to inherit at some point in the line of their father's succession

1. If supported by substantial evidence, the Secretary's findings should be affirmed. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Hemphill v. Weinberger,* 483 F.2d 1137 (5th Cir.1973).

2. Section 416(h)(2)(A) provides:
   In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of

the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, or, if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such.

under Louisiana law. Therefore, the plaintiff's sons are included in "the devolution of intestate personal property by the courts of the state" for purposes of 42 U.S.C. § 416(h)(2)(A).

■ Under the law of Louisiana that was applicable at the time that plaintiff's sons sought child's insurance benefits,[3] illegitimate children could actually inherit from their natural parent as long as they had been "acknowledged" by the parent and the parent died leaving no descendants, ascendants, collateral relations, or surviving wife (those whose inheritance rights would "prime" or preempt the acknowledged illegitimate child's rights). La.Civ.Code art. 919.[4] If the children had not been "legally acknowledged,"[5] it was sufficient to prove their "paternal descent." La.Civ.Code art. 208 (amended 1979, 1980, 1981). In turn, paternal descent was deemed proved when the mother and father of the children were living in a state of concubinage at the time that the children were conceived. La.Civ. Code art. 209 (amended 1980). As previously indicated, the Secretary did find that the plaintiff's three sons were the children of the deceased wage earner, Melvin Jones, and that Mr. Jones was living with the plaintiff during the time when the three boys were born. Therefore, the three sons were "acknowledged illegitimates," and thus were entitled to inherit from their natural father's estate under La.Civ.Code art. 919.[6]

The precise legal reasoning of the Secretary in determining that the plaintiff's sons were not entitled under Louisiana law to inherit from Melvin Jones was not clearly stated in the proceedings below. The rationale may well have been that because the sons would not *actually* inherit from Mr. Jones (because, for example, Mr. Jones was survived by ascendants), the sons' mere *potential* right to inherit from him was not sufficient to qualify them for benefits under § 416(h)(2)(A) of the Social Security Act. I find this to be in error.

■ As early as 1976, the Supreme Court clearly stated that the statutory test for being deemed a dependent child is based, not upon the individual circumstances of each child, but rather, upon whether the child falls into a "statutorily dependent" classification which is permissible because it (the classification) is "reasonably related to the likelihood of dependency at death" and was adopted to facilitate efficient administration without requiring "specific case-by-case determination in the large number of cases where dependency is objectively probable." *Mathews v. Lucas,* 427 U.S. 495, 509, 96 S.Ct. 2755, 2764, 49 L.Ed.2d 651 (1976). Thus, in the present case, the sons are deemed to be dependent children for purposes of social security benefits (irrespective of whether they would *actually* inherit property) because as acknowledged illegitimate children they fall within a class of illegitimate children statutorily presumed to be dependent because they were entitled to a position in their father's succession under Louisiana law. *Cotlong v. Harris,* 634 F.2d 890, 893 (5th Cir.1981).

■ The entitlement of the plaintiff's three sons to insurance benefits as members of a statutory class legislatively accorded the presumption of dependency (i.e., "acknowledged illegitimates") is not affected by the fact that under the sons' own particular circumstances they would, in fact, receive nothing by intestacy. *Cotlong v. Harris, supra, King v. Califano,* 484 F.Supp. 861 (M.D.La.1980). Under the law of Louisiana in effect at the time,

---

**3.** The Louisiana law governing illegitimate children and their succession rights has been revised. Although not controlling in this case, the most interesting revision is that La.Civ. Code art. 919 has been declared unconstitutional, and now duly acknowledged illegitimate children have inheritance rights equal to the rights of the deceased's legitimate children. *Succession of Brown,* 388 So.2d 1151 (La.1980).

**4.** See note three, *supra.*

**5.** La.Civ.Code arts. 203 (amended 1979) and 205.

**6.** See note three, *supra.*

illegitimate children acknowledged by their father have a recognized position in the order of succession to their father's intestate estates. The law, by according them a place in the order of succession, recognizes them as the children of their fathers, and we believe that this is all that is required by the Social Security Act.

. . . .

[T]he statute means that the Secretary is to consider as a child of an insured anyone who would be recognized as such by the indicated state law. Louisiana recognizes the rights of acknowledged illegitimates to take the intestate successions of their fathers in some circumstances and this is all that the law requires. Congress did not intend to make a child's right to be 'deemed dependent upon her father' under the Social Security Act contingent upon whether [the child's father left surviving relatives whose inheritance rights would prime the child's rights.]

. . . .

Louisiana law recognizes that acknowledged illegitimate children may, under some circumstances, be accorded a place in the order of the successions of their fathers. We do not construe the Social Security Act as requiring actual inheritance.

*King v. Califano, supra,* at 864. Therefore, the plaintiff's three sons are clearly entitled to child's insurance benefits under the Social Security Act.

IT IS ORDERED that the motion for summary judgment filed on behalf of defendant, the Secretary of Health and Human Services, be DENIED and that the cross-motion for summary judgment filed on behalf of the plaintiff, Norma Davis, be GRANTED.

IT IS FURTHER ORDERED that the action of the Secretary of Health and Human Services is REVERSED and this case is REMANDED to the Secretary with instructions to pay child's insurance benefits to the plaintiff's three sons, Lawrence K.

Ankrum, Jimmy R. Ankrum, and Clifford J. Ankrum.