Janet FLEMING o/b/o Christy M. Fleming, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 79–1064

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 14, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**1082**

Myron K. Allenstein, Gadsden, Ala., for plaintiff-appellant.

J. R. Brooks, U. S. Atty., Elizabeth T. Campbell, Asst. U. S. Atty., Birmingham, Ala., for defendant-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

Appellant, Janet Fleming, appeals from the District Court's affirmance of a denial of her application for surviving chil-

dren's insurance benefits [1] on behalf of her daughter, Christy M. Fleming, the child of the deceased insured, Troy Jacobs. The denial was based on appellant's failure to prove that Christy M. Fleming was dependent upon the wage earner prior to his death as required by section 202(d)(3) of the Social Security Act, 42 U.S.C. § 402(d)(3) (1976). Since she admittedly did not meet any of the statutory presumptions of dependency,[2] Miss Fleming was required to prove dependency under 42 U.S.C. § 416(h)(3)(C)(ii), which provides that the applicant must prove that the insured parent "was living with or contributing to the support of the applicant at the time such insured individual died."

Troy Jacobs did not live with his daughter. Thus, at the administrative law hearing, appellant attempted to present evidence intended to meet the contribution requirement of section 416(h)(3)(C)(ii). Although she admitted that she had never received any support for Christy from Troy Jacobs, appellant showed that she financially needed this support for the child. She also showed that on July 20, 1974 she instituted a support and paternity action against Mr. Jacobs. The suit was abandoned on September 3, 1975 when appellant and Mr. Jacobs orally agreed to sign a written support agreement whereby appellant would receive $8.00 per week for the support of their child. The agreement was never signed and the appellant did not receive anything for the child from Mr. Jacobs. He died on February 21, 1976. Appellant argues that her need, coupled with her efforts to obtain support from the insured, are sufficient to comply with the dependency requirement of section 416(h)(3)(C)(ii). She argues alternatively that if the requirements of section 416(h)(3)(C)(ii) are not fulfilled by her situation, the section violates the equal protection principle embodied in the Fifth Amendment.

1. 42 U.S.C. § 402(d)(1).

2. 42 U.S.C. §§ 402(d)(1), 402(d)(3), 416(h)(2)(A)–(B) and 416(h)(3)(C)(i). *See Nor-*

*ton v. Mathews,* 427 U.S. 524, 526 n.1, 96 S.Ct. 2771, 49 L.Ed.2d 672 (1975).

In *Mathews v. Lucas,* 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1975), the Supreme Court rejected the proposition that the statute "was designed to replace any potential source of lifetime support . . . ." 427 U.S. at 508 n. 14, 96 S.Ct. at 2764. Instead the Court analyzed the constitutionality of the statute on the basis that it was designed only to partially replace the actual support of deceased parents and recognized that some applicants who were not actually dependent might recover while others in the same situation might not. We consider the *Lucas* characterization of the purpose of the statute to be dispositive of appellant's statutory argument: Applicants who are not actually dependent, but who have an expectation of, and need for, support are simply (and unfortunately) excluded from receiving benefits unless they meet one of the presumptions of dependency. *Lucas* also controls appellant's constitutional argument: It is not unconstitutional to allow some children who are not actually dependent to receive benefits under the presumptions of dependency while others in the same situation do not. The failure of the statute to weed out all applicants who are not actually dependent is justified by the administrative convenience achieved by the use of statutory presumptions. 427 U.S. at 509–10, 96 S.Ct. 2755.

Accordingly, we AFFIRM the District Court's affirmance of the Social Security Administration's denial of benefits.

AFFIRMED.