**Alice ORSINI, on Behalf of Megan R. ORSINI, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellee.**

No. 89–3223.

United States Court of Appeals, Eleventh Circuit.

June 22, 1990.

James Elliott, Bay Area Legal Services, Inc., Dade City, Fla., for plaintiff-appellant.

Carl Douglas Thoresen, Ralph J. Lee, Asst. U.S. Attys., Tampa, Fla., for defendant-appellee.

Before FAY and KRAVITCH, Circuit Judges, and KAUFMAN *, Senior District Judge.

FRANK A. KAUFMAN, Senior District Judge:

Appellant, Alice Orsini,[1] gave birth to Megan Orsini on September 24, 1984. Megan's father, Michael T. Orsini, died fully insured under the Social Security Act, 42 U.S.C. § 301, *et seq.* on January 2, 1984. In July, 1985, Alice Orsini initiated, at the Johns Hopkins University School of Medicine, a paternity test which established with 99.8% certainty that Michael T. Orsini was Megan's biological father. Alice Orsini never married or lived with Michael Orsini. They maintained separate apartments and were each employed and self-supporting. Alice Orsini's insurance company paid for the childbirth expenses.

In October, 1984, appellant filed for Child's Survivor Insurance benefits under 42 U.S.C. § 402(d)(1) on behalf of her daughter, alleging that the insured wage earner, Michael T. Orsini, was the child's biological father. The application was denied because the child claimant did not meet the relationship and dependency requirements of section 416(h) of the Act. The administrative law judge concluded that Megan Orsini was the insured's biological daughter, but denied benefits because the child did not meet the statutory requirements. 42 U.S.C. § 416(h)(3)(C)(ii). After the Appeals Council refused to grant any relief to appellant, the decision of the administrative law judge became the final decision of the Secretary. Appellant then filed a complaint in the United States District Court for the Middle District of Florida, seeking to reverse the Secretary's denial of benefits. A magistrate of that court recommended that the Secretary's decision be affirmed. That recommendation was accepted by the district judge who, accordingly, entered judgment affirming the Secretary's decision, and appellant noted this appeal raising two issues:

1. In order to establish entitlement to Social Security Survivor benefits, must a posthumous child who does not satisfy the dependency presumptions of section 416(h) of the Act satisfy the dependency requirement of that section?

2. Does the statutory classification of section 416(h) of the Act requiring certain illegitimate children affirmatively to establish dependency, while affording other illegitimate and legitimate children a presumption of dependency, violate the equal protection component of the Fifth Amendment due process clause?

For the reasons set forth in this opinion, we conclude that the answer to the first

---

* Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation.

1. Appellant changed her name from Garland to Orsini in a proceeding on August 21, 1984.

question is "yes," and the answer to the second question is "no."

## I.

■ The child of an insured deceased wage earner is entitled to survivor benefits if the child was dependent upon the insured at the time of death. 42 U.S.C. § 402(d)(1)(C)(ii). The Social Security Act creates a series of presumptions of dependency. Legitimate children, including adopted children, are presumed dependent. 42 U.S.C. § 416(e). Illegitimate children are presumed dependent if they satisfy any one of the following requirements: entitlement to inherit personal property pursuant to the law of the state where the insured was domiciled at the time of death; participation in a marriage ceremony by the insured and the child's living parent which would have resulted in a valid marriage but for a legal impediment; written acknowledgment by the insured of paternity or maternity; judicial order requiring the insured to support the child; or judicial order entered prior to death decreeing the insured to be the child's parent. § 416(h)(2), (3). If none of the above requirements is met, then the child is only entitled to benefits under section 416(h)(3)(C)(ii)[2] if the child can prove that the insured was the child's biological parent and was either living with or contributing to the support of the child at the time of the death of the insured.

The record demonstrates that Megan Orsini cannot meet any of the dependency requirements. Her parents never participated in a marriage ceremony or cohabited. There is no evidence that the insured acknowledged paternity in writing; in fact, the evidence suggests that he was unaware of appellant's pregnancy at the time of his death which took place about eight months before the child was born. No court ever ordered Orsini to support the child, and appellant does not assert that Megan Orsini is entitled to inherit her father's estate under applicable state law.

Section 416(h)(3)(C)(ii) has been interpreted to permit a posthumous child to receive survivor benefits upon a showing of dependency. *See, e.g., Adams v. Weinberger,* 521 F.2d 656, 658 (2d Cir.1975). Entitlement can be established by proving that the unborn child was dependent upon the wage earner at the time of death, and that the deceased had provided sufficient tangible support to the fetus, typically through support to the mother. *Doran v. Schweiker,* 681 F.2d 605, 609 (9th Cir.1982).

Appellant argues that, because her child had only been conceived one week prior to Michael Orsini's death, the child is entitled to benefits solely by virtue of the fact that the insured was her father since the child needed no support during that week. Appellant bases that argument upon the doctrine established in *Adams,* seemingly the leading case with regard to section 416(h)(3)(C)(ii) eligibility for posthumous children. In *Adams,* Judge Meskill held that a posthumous illegitimate child was entitled to survivor's benefits because the father, *inter alia,* had, prior to his death, paid the mother's apartment rent and hospital registration fee. In so concluding, Judge Meskill wrote that the test for "support" under section 416(h) in the case of a posthumous child was whether the support given was "commensurate with the needs of the unborn child at the time of the father's death." *Id.* at 660. That standard has been applied in other circuits. *See, e.g., Dubinski v. Bowen,* 808 F.2d 611, 613 (7th Cir.1986); *Doran v. Schweiker,* 681 F.2d at 608–09. Appellant reasons from *Adams* that, because Michael Orsini died when the child was a one-week-old fetus

---

**2.** That statutory provision reads as follows:

(3) An applicant who is the son or daughter of a fully or currently insured individual, but who is not (and is not deemed to be) the child of such insured individual under paragraph (2) of this subsection, shall nevertheless be deemed to be the child of such insured individual if:

. . . .

(C) in the case of a deceased individual—

. . . .

(ii) such insured individual is shown by evidence satisfactory to the Secretary to have been the mother or father of the applicant, and such insured individual was living with or contributing to the support of the applicant at the time such insured individual died.

and had no need for support prior to Michael Orsini's death and because Michael was not even aware of Alice Orsini's pregnancy, there was no reason for Michael to provide tangible support to the unborn child, and the fact that he did not do so does not defeat the within claim for benefits.

It is true that, in *Adams* and the cases adopting its approach, the standard of "support commensurate with the needs of the child" has been construed liberally in favor of posthumous child claimants. Yet, such claimants have not been successful when the insured had only contributed occasional gifts to the mother which were in the nature of "courtship" rather than support. *Dubinski*, 808 F.2d at 613. Also, "mere expectation of support" from the wage earner is not sufficient. *Schaefer v. Heckler*, 792 F.2d 81, 86 (7th Cir.1986). The same is true with regard to a "lost prospect of support." *Dubinski*, 808 F.2d at 613.

Courts applying the approach of *Adams* have dealt with the problem identified by appellant herein, *i.e.*, discerning "contribution of support" to a fetus who as yet has no apparent need of support, by transferring support conferred upon the mother to the claimant child.

> [S]ome adjustment to the manner of proving support should be made when the applicant is an illegitimate child born after the alleged father ... dies. In such a case, the attention and support conferred upon the mother inures to the benefit of the fetus, and the Secretary should consider whether the alleged aid is commensurate with the needs of the unborn child at the time of the father's demise.

*Imani v. Heckler*, 797 F.2d 508, 513 (7th Cir.), *cert. denied*, 479 U.S. 988, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986).

At least one court has seemingly repudiated appellant's argument that no showing of dependency should be required when a posthumous child applies for benefits. In

*Gay v. Heckler*, 583 F.Supp. 499, 502 (N.D. Ga.1984), the court stated:

> Granting benefits to illegitimate children who are born after their fathers' death and whose mothers received no financial support from the fathers in preparation for their birth would be contrary to this Congressional intent [to require dependency] because any indicia of dependency on the insured wage-earners would be lacking.

In *Gay*, the court characterized a grant of benefits under such circumstances the creation of "an extra-statutory presumption." *Id.*

In *Fleming v. Califano*, 594 F.2d 1081 (5th Cir.), *cert. denied*, 444 U.S. 918, 100 S.Ct. 234, 62 L.Ed.2d 173 (1979), the Fifth Circuit upheld the denial of benefits to an illegitimate child whose mother showed that the deceased was the father, but who could not prove that the deceased lived with her or provided any support to the child. Although the mother had instituted child support and paternity suits and a proposed settlement was pending at the time of the insured's death, the Fifth Circuit, in a per curiam opinion, wrote: "Applicants who are not actually dependent, but who have an expectation of, and a need for, support are simply (and unfortunately) excluded from receiving benefits unless they meet one of the presumptions of dependency." *Id.* at 1083, relying upon *Mathews v. Lucas*, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1975).[3]

There are, however, certain dissimilarities between the facts in *Fleming* and in this case. In *Fleming*, the child was born before the father's death, and the father had ample opportunity before his death to offer support to the mother, but affirmatively chose not so to do. In contrast, Michael Orsini was apparently unaware of Alice Orsini's pregnancy when he died. While there is no evidence that if he had lived he would have provided support for the child, there is also no evidence that he would not have done so.

---

**3.** *Fleming,* as a holding of the Fifth Circuit prior to the split of that Circuit into the present Fifth and this (the Eleventh) Circuits, is binding upon

this court. *Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

In that light, appellant's argument that the humanitarian and remedial goals of the Social Security Act mitigate in favor of an award to Megan Orsini is not without appeal—more appeal than existed in *Fleming*. Appellant urges that, despite the express dependency provisions of the statute, any reading of its terms requiring proof of dependency in the narrow circumstances of this case works a result inconsistent with the broad legislative purpose of the Social Security Act of providing support to genuine dependents. Appellant further argues that a dependency requirement in this case operates as an "exaltation of form over substance" because appellant cannot possibly prove dependency on the part of a one week old fetus.

But that argument may not prevail. First, in addition to achieving humanitarian and remedial objectives, Congress also intended that the statutory scheme of the Social Security Act weed out "spurious claims." Claims may be spurious by virtue of "fabricated" evidence of either parentage or support. *Jimenez v. Weinberger*, 417 U.S. 628, 636, 94 S.Ct. 2496, 2501, 41 L.Ed.2d 363 (1974). Indeed, Congress seemingly deliberately crafted the presumptions and dependency requirements so as to prevent payments to ineligible persons and to enable determinations with regard thereto to be administratively made in an efficient manner. *Mathews v. Lucas*, 427 U.S. at 509, 96 S.Ct. at 2764. Thus, the provisions of section 416(h) cannot be deemed inconsistent with the broad goals of the Act. Under the circumstances, appellant cannot prevail upon the first issue, *i.e.*, the statutory construction question, presented by her.

## II.

■ Appellant, in addition to urging her entitlement as a matter of statutory construction—a contention this Court rejects for the reasons stated *supra*—also contends that the support and cohabitation requirements of section 416(h)(3)(C)(ii) violate the equal protection component of the due process clause of the Fifth Amendment, citing *Weber v. Aetna Casualty and Sure-*ty *Co.*, 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972). In *Weber*, the Supreme Court held that provisions of the Louisiana Worker's Compensation Act, by affording to the claims of legitimate and acknowledged illegitimate children higher priority than those of unacknowledged illegitimate children, violated equal protection principles. Appellant asserts that the statutory scheme of section 416(h), pursuant to which certain illegitimate children must establish dependency while legitimate children and other illegitimate children may invoke various presumptions of dependency, is inconsistent with the teachings of *Weber*. Unfortunately for appellant, that contention has already been directly considered and rejected by the Supreme Court in *Mathews v. Lucas*, 427 U.S. at 509, 96 S.Ct. at 2764. In *Lucas*, Justice Blackmun, over the dissent of Justice Stevens who was joined by Justices Brennan and Marshall, held for the Court's majority that the statutory presumptions are reasonably related to the likelihood of dependency at the time of the death of the insured, and, as such, are justified by administrative convenience and do not impermissibly discriminate against children required to prove dependency. Relying upon *Lucas*, the Fifth Circuit in *Fleming*, 594 F.2d at 1083, and the Seventh Circuit in *Imani*, 797 F.2d at 513, have rejected equal protection challenges similar to the challenge of appellant herein. For the same reasons, we must reject appellant's equal protection challenge.

## III.

The result in this case is one which this court finds it hard to believe Congress desires. However, as the district court noted in *Gay v. Heckler*, 583 F.Supp. at 502, "[t]here may be cases where proof of dependency by a showing of financial support is utterly impractical and impossible. Such cases must be commended to the attention of Congress." In that context, this Court does direct the Secretary to bring this case to the attention of the Congress and to ask the Congress to consider whether or not an appropriate statutory amendment should

be enacted in order to prevent the type of result presently compelled in this case and presumably in similar cases.

AFFIRMED.