985 F.2d 390
 40 Soc.Sec.Rep.Ser. 23, Unempl.Ins.Rep. (CCH) P 17134A
Landzie COOPER, for Marvel COOPER, SSN: grr-cs-rknv Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.
 No. 92-2386.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 13, 1993.
Decided Jan. 29, 1993.
 
 Anthony W. Bartels, Jonesboro, AR, for appellant.
 Joyce Shatteen, Dallas, TX, for appellee.
 Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Landzie Cooper, the mother of claimant Marvel Cooper,[1] appeals the decision of the United States District Court for the Eastern District of Arkansas granting the Secretary of Health and Human Service's motion for summary judgment. Landzie Cooper argues that the decision of the Secretary denying her son's claim for surviving child's insurance benefits under 42 U.S.C. § 416(h) (1988) is not supported by substantial evidence on the record as a whole. After careful review of the record, we find substantial evidence in the record as a whole to support the decision of the Secretary.
 
 
 2
 At issue in this case is whether Marvel Cooper is the child of Marvin Thomas, the deceased wage earner, under the Social Security Act. There are various sets of criteria under which Marvel Cooper may be eligible for benefits as Marvin Thomas's natural child. See 42 U.S.C. § 416(h)(2), (3) (1988) and 20 C.F.R. § 404.355(a)-(d) (1990). The Administrative Law Judge (ALJ) found that none of the available criteria were met and that consequently Marvel Cooper is not entitled to child's insurance benefits on the record of Marvin Thomas. We affirm the ALJ's decision because there is substantial evidence in the record as a whole to support it. We address briefly, however, Landzie Cooper's claim that she provided the ALJ with clear and convincing evidence that Marvin Thomas acknowledged Marvel Cooper as his son.
 
 
 3
 Under 42 U.S.C. § 416(h)(2)(A) (1988), Marvel Cooper is eligible for benefits as Marvin Thomas's natural child if he could inherit Thomas's personal property under the law of Illinois, the state in which Thomas was domiciled at the time of his death. Illinois law provides in relevant part:
 
 
 4
 If a decedent has acknowledged paternity of an illegitimate person or if during his lifetime or after his death a decedent has been adjudged to be the father of an illegitimate person, that person is heir of his father.... If during his lifetime the decedent was adjudged to be the father of an illegitimate person by a court of competent jurisdiction, an authenticated copy of the judgment is sufficient proof of the paternity; but in all other cases paternity must be proved by clear and convincing evidence.
 
 
 5
 Ill.Ann.Stat. ch. 755, para. 5/2-2 (Smith-Hurd 1992) (emphasis added). At the hearing before the ALJ, Landzie Cooper testified that Marvin Thomas is Marvel Cooper's father. This testimony was supported by affidavits of her mother, sister, and brother-in-law. The ALJ, however, found that this evidence was not clear and convincing:
 
 
 6
 Although those affidavits submitted constitute some evidence that the claimant was the child of the wage earner, other circumstances, particularly the claimant's mother's acknowledgement that the wage earner neither supported the claimant at the time of his death nor acknowledged in writing that the claimant was his child, preclude the existence of clear and convincing evidence that the claimant was the child of the wage earner.
 
 
 7
 Decision of the Administrative Law Judge, Henry D. Ginger, July 31, 1990, at 2.
 
 
 8
 Were we finders of fact in this case, we might have reached another conclusion, but we are not. Thus, we must accept the ALJ's determination if it is supported by substantial evidence in the record as a whole. We believe it is. Accordingly, we affirm.
 
 
 
 [1]
 Marvel Cooper was born to Landzie Cooper on September 27, 1977, in Illinois