Della M. WOLFE, formerly known as Della M. Weyburn, for David W. Weyburn, Plaintiff-Appellant,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant-Appellee.

No. 92-6063.

United States Court of Appeals, Tenth Circuit.

March 12, 1993.

David B. Christian (Duke Halley with him on the brief), of Halley & Christian, Woodward, OK, for plaintiff-appellant.

Christopher Carillo, Asst. Regional Counsel (Timothy D. Leonard, U.S. Atty., Oklahoma City, OK, and Gayla Fuller, Chief Counsel, Region VI, with him on the brief), Office of the Gen. Counsel, U.S. Dept. of Health and Human Services, Dallas, TX, for defendant-appellee.

Before McKAY, Chief Judge, SEYMOUR, and KELLY, Circuit Judges.

SEYMOUR, Circuit Judge.

Della M. Wolfe, f/k/a Della M. Weyburn, appeals from a judgment affirming a decision of the Secretary of Health and Human Services denying her application for child's insurance benefits under the Social Security Act on behalf of her son, David Weyburn. Wolfe filed her application based on the earnings of Earl Bialczyk, the alleged biological father of the child. The claim has been denied at all levels of the appeal process. We affirm.

I.

Wolfe met Bialczyk at the end of April 1988. They began living together in the early part of May 1988, although they maintained separate residences. Wolfe testified that she told Bialczyk in the latter part of August 1988 that she was pregnant with his child, two days after learning of this fact. The couple separated in early September 1988. Bialczyk died on October 5, 1988. David was born on April 26, 1989.

■ For a child of an insured deceased wage earner to qualify for child's insurance benefits under the Social Security Act, the child must prove he or she was dependent upon the insured parent at the time of the parent's death. 42 U.S.C. § 402(d)(1)(C)(ii). Legitimate and adopted children are conclusively presumed to have been dependent. 42 U.S.C. § 402(d)(3)(A). Illegitimate children are presumed dependent if certain tests are met. The only test at issue in this appeal is found in 42 U.S.C. § 416(h)(3)(C)(ii): that the wage earner is shown by satisfactory evidence to be the child's parent and to have been living with or contributing to the support of the child at the time of the wage earner's death.

The administrative law judge (ALJ) found that Bialczyk was not David's biological father, and that Bialczyk was not living with or contributing to David's or Wolfe's support at the time of Bialczyk's death. Applying the test that contributions must be regular and substantial, in cash or in kind, to constitute contributing to support, the ALJ concluded the evidence did not establish that Bialczyk contributed to Wolfe's or David's support. After Wolfe's appeal of the ALJ's decision was denied, she filed this action in federal district court.

The district court concluded Wolfe did not prove that Bialczyk contributed to her support under either the regular and substantial test or under a more liberal standard. It declined to rule on the Secretary's finding that paternity was not established, holding that the issue was moot.

II.

Wolfe argues on appeal that because all children born in Oklahoma are considered legitimate, Okla.Stat. tit. 10, § 1.2 (1987), and entitled to support from their parents under state law, id. § 4, David had a reasonable expectation of receiving support

from Bialczyk, which the Secretary improperly failed to consider. She maintains that a test which ignores anticipated support for a posthumous illegitimate child ignores the Congressional intent that benefits replace the support the child reasonably could have expected.

In *Mathews v. Lucas*, 427 U.S. 495, 508 and n. 14, 96 S.Ct. 2755, 2763 and n. 14, 49 L.Ed.2d 651 (1976), the Court rejected the argument that the Act was intended to provide support for an insured decedent's children if they had a legitimate claim to support, without regard to actual dependency at death. It accepted instead the Secretary's contention that the Act was intended to replace support lost by a child when his or her parent dies. *Id.* 427 U.S. at 507, 96 S.Ct. at 2763. Actual dependency need not be shown if the child would be entitled to inherit under state laws governing intestate succession of personal property, 42 U.S.C. § 416(h)(2)(A); if the parents went through a marriage ceremony but the marriage is invalid due to a legal impediment, 42 U.S.C. § 416(h)(2)(B); or if the parent, before death, acknowledged in writing that the applicant is his or her child, had been decreed by a court to be the parent, or had been ordered by a court to contribute child support because the applicant was his child. 42 U.S.C. § 416(h)(3)(C)(i). Congress has determined that in such instances, dependency "is objectively probable." *Mathews*, 427 U.S. at 509, 96 S.Ct. at 2764. Congress has also apparently determined that dependency is not sufficiently established solely by a showing of paternity. The statutory scheme was upheld as a reasonable method of fulfilling the Act's goal of replacing support lost by a child when his or her parent dies. *Id.* 427 U.S. at 509–10, 96 S.Ct. at 2764. We therefore reject Wolfe's contention that, in the case of a posthumous illegitimate child, the Act's remedial goals cannot be fulfilled if a showing of actual dependency at the time of the wage earner's death is required.

Because Bialczyk was not living with Wolfe, Wolfe was required to show Bialczyk was contributing to David's support at the time of Bialczyk's death. The question is how much support must be shown. The Secretary's regulations require proof that contributions were made regularly and were large enough to meet an important part of the recipient's ordinary living costs. 20 C.F.R. § 404.366(a)(2). This is the "regular and continuous" or "regular and substantial" test. Wolfe argues that this test is inappropriate in the case of an illegitimate posthumous child, and urges us to adopt as the test whether the support was commensurate with the needs of the unborn child at the time of the father's death. This test was first enunciated in *Adams v. Weinberger*, 521 F.2d 656, 660 (2d Cir. 1975), and was adopted by the Fourth Circuit in *Parsons for Bryant v. Health & Human Services*, 762 F.2d 1188, 1191 (4th Cir.1985), and the Ninth Circuit in *Doran v. Schweiker*, 681 F.2d 605, 608 (9th Cir.1982).

We agree with *Doran* that the Secretary's test "improperly interprets the statutory mandate and frustrates the goals of the Social Security Act" by denying "virtually all posthumous illegitimate children the ability to demonstrate their father's support." *Id.* We therefore adopt the *Doran* test that support must be commensurate with the unborn child's needs at the time of the father's death, taking into account the father's economic circumstances. However, we reject any notion that no support need be shown at the very early stages of pregnancy because the needs of the unborn child at that point are negligible. *See Orsini ex rel. Orsini v. Sullivan*, 903 F.2d 1393, 1396–97 (11th Cir.1990), *cert. denied*, 498 U.S. 1024, 111 S.Ct. 672, 112 L.Ed.2d 665 (1991).

Support may be shown either by proof that contributions such as baby clothes or a crib were made to the unborn child, or that contributions such as food, shelter, or medical care were made to the mother. *See* Soc.Sec.Rul. 68–22 (in case of illegitimate posthumous child, contributing to child's support can be shown by contributing to mother's support). Because benefits under the Act are intended to replace support lost by a child when his or her parent dies, *Mathews*, 427 U.S. at 507, 96

S.Ct. at 2763, the contributions to the mother must have been made with knowledge of the pregnancy. *See Jones v. Schweiker*, 668 F.2d 755, 758 n. 5 (4th Cir.1981), *vacated on other grounds*, 460 U.S. 1077, 103 S.Ct. 1763, 76 L.Ed.2d 339 (1983). Expenditures intended for courtship of the mother do not constitute contributions to the support of the unborn child. *Bennemon ex rel. Williams v. Sullivan*, 914 F.2d 987, 991, 992 (7th Cir.1990).

 We agree with the district court that the evidence fails to satisfy either the Secretary's test or the *Doran* test.[1] Bialczyk died in early October 1988, and David was born in late April 1989. The unborn child's needs were therefore minor at the time of Bialczyk's death. Wolfe testified that Bialczyk purchased groceries to fix his favorite breakfast, purchased cigarettes for her, paid for her when they went on dates, and put an alternator in her car. However, nothing in the record presented to this court indicates that Bialczyk made *any* contributions to Wolfe's (and thus to the unborn child's) support *after* he learned of the pregnancy in late August 1988. Moreover, because he and Wolfe ended their relationship soon thereafter, in early September, none of the alleged contributions to the unborn child's support were being made at the time of Bialczyk's death in October, "which date is controlling in an interpretation of § 416(h)(3)(C)(ii)." *Young v. Secretary of Health & Human Servs.*, 787 F.2d 1064, 1070 (6th Cir.), *cert. denied*, 479 U.S. 990, 107 S.Ct. 585, 93 L.Ed.2d 587 (1986). Rather, all contributions ceased one month before Bialczyk's death.

The ALJ correctly denied Wolfe's application for benefits. Consequently, we AFFIRM the judgment of the United States District Court for the Western District of Oklahoma.

---

**1.** Because we affirm on this ground, we need not decide whether the evidence supports the ALJ's finding that Bialczyk was not David's father.