Audrey J. HESTER o/b/o Zachary P.
Hester, and Audrey Hester,
individually, Plaintiff,

v.

Jo Anne B. BARNHART, Commission-
er of the Social Security Adminis-
tration, Defendant.

No. CIV.A.04–C–0082–NE.

United States District Court,
N.D. Alabama,
Northeastern Division.

Sept. 30, 2004.

Seth B. Thompson, Thompson & Thomp-
son, Cullman, AL, for Plaintiff.

Alice H. Martin, Edward Q. Ragland,
US Attorney's Office, Birmingham, AL, for
Defendant.

## MEMORANDUM OPINION

CLEMON, Chief Judge.

Plaintiff brings this action pursuant to
Section 205(g) of the Social Security Act,
42 U.S.C. § 405(g), seeking review of the
final adverse decision of the Commissioner
of the Social Security Administration
("SSA"). This Court finds the Administra-
tive Law Judge's ("ALJ") decision, which
has become the decision of the Commis-

sioner, is inconsistent with applicable law and not supported by substantial evidence. For the reasons elaborated herein, the decision denying benefits will be **REVERSED.**

## I. *Procedural History*

Plaintiff, Audrey J. Hester ("Mrs.Hester"), twice filed an application for Child's Insurance Benefits on behalf of her minor child, Zachary Hester ("Zachary"), on April 26, 2000, (R. 51), and on October 6, 2000, (R. 59). Both applications were denied administratively and Mrs. Hester did not file an appeal of either decision. (R. 54, 62.)

Mrs. Hester filed a third application for benefits on behalf of Zachary on April 9, 2001. (R. 63.) This claim was also denied administratively. (R. 69.) A Request for Reconsideration was filed by Mrs. Hester on June 27, 2001, (R. 70), which was denied, (R. 74). Mrs. Hester requested a hearing before the ALJ, (R. 79), which was held on January 14, 2003, in Decatur, Alabama. (R. 21.) On April 16, 2003, the ALJ denied the claim. (R. 7.)

On June 18, 2003, Mrs. Hester requested a review of the ALJ's decision denying benefits. (R. 260.) Mrs. Hester also filed a motion to admit new and material evidence on September 30, 2003, (R. 328), which was received as additional evidence on November 22, 2003, (R. 6). On November 22, 2003, the Appeals Council denied Hester's request to review the ALJ's decision. (R. 3.) The Appeal's Council's denial of Mrs. Hester's request for review became the final decision of the Commissioner of the SSA. Having timely pursued and exhausted the administrative remedies, Plaintiff filed an action for judicial review in federal district court pursuant to section 1631 of the Social Security Act, 42 U.S.C. § 1383(c)(3).

## II. *Factual Background*

In September 1999, Mr. Phillip Hester ("Mr.Hester") and his wife, Mrs. Audrey Hester, were informed by a family member about an opportunity to adopt the unborn child of Mark and Catherine Thomason. (R. 24.) The Hesters agreed to pursue the adoption of the Thomason's unborn child and subsequently hired attorney Gaynor St. John to execute the adoption proceedings on October 28, 1999. (R. 25, 92.) On November 12, 1999, the Hesters filed an adoption petition in the probate court of Cullman County, Alabama, to adopt the unborn child of Mark and Catherine Thomason. (R. 100.)

The Hesters assisted Mrs. Thomason in caring for the unborn child. (R. 328.) From October through December, the Hesters provided Mrs. Thomason with transportation to her doctor's appointments and to get an ultrasound. (R. 329.) During those same months, the Hesters provided Mrs. Thomason with groceries. (*Id.*) The Hesters also gave Mrs. Thomason cash on several occasions and purchased several essential items that would be needed in the child's first year. (R. 26—27.)

The Thomasons executed forms consenting to the Hesters' adoption of their unborn child on December 7, 1999. (R. 103B–E.) On that same day, Mr. Hester was killed in an automobile accident. (R. 28.) Later that month, on December 20, 1999, Mrs. Thomason gave birth to Zachary. (R. 95.) Two days after birth, Zachary was placed in the custody of Mrs. Hester. (R. 99.)

Mrs. Hester proceeded with the adoption of Zachary as a single parent. The Final Decree of Adoption was entered by the Judge of Probate on March 15, 2000. (R. 106.) Mrs. Hester filed a motion to amend the final adoption decree to add Mr. Hester's name as Zachary's father. (R. 93.) The final adoption decree was amended on December 7, 2000, by naming Mr. Hester as Zachary's father. (R. 84.)

After the administrative hearing, the ALJ found that Zachary did not satisfy all of the statutory requirements in order to be considered Mr. Hester's "child" for the purposes of child's insurance benefits. The ALJ first conceded that Mr. Hester had satisfied the requirement that he started Zachary's adoption proceedings prior to his death. (R. 19.) Next, the ALJ conceded that Mrs. Hester adopted Zachary within two years after Mr. Hester's death. (R. 19.) However, the ALJ determined that prior to Mr. Hester's death, there was not substantial evidence that Mr. Hester was living with or contributing one-half of the support to the then unborn-Zachary. (*Id.*) Accordingly, the ALJ denied the claim for benefits.

### III. Controlling Legal Principles

The burden on a disability claimant to establish entitlement to benefits is heavy but not insuperable. *Mims v. Califano,* 581 F.2d 1211, 1213 (5th Cir.1978). The standard or scope of the district court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence, *Richardson v. Perales,* 402 U.S. 389, 390, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), and whether proper legal standards were applied, *Lewis v. Callahan,* 125 F.3d 1436, 1439 (11th Cir.1997) (*citing Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir.1987)).

Substantial evidence is more than a scintilla, but less than a preponderance. It is such evidence that a reasonable mind would accept as adequate to support a conclusion. *See Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir.1990); *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). In contrast, the Commissioner's legal conclusions are more closely scrutinized. "The [Commissioner's] failure to apply the correct law or to provide the reviewing Court with the sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *See Keeton v. Department of Health & Human Servs.,* 21 F.3d 1064, 1066 (11th Cir.1994).

The SSA provides benefits to the child of an insured individual in the event of the insured individual's death. 42 U.S.C. § 402(d). In order to qualify for benefits, the claimant must satisfy one of several definitions of a "child" as enumerated by the SSA.

Section 416(e) outlines the elements required to meet the definition of a legally adopted child of an insured. 42 U.S.C. § 416(e). A claimant shall be deemed the legally adopted child of the insured as of the date of the insured's death if the claimant was legally adopted by the surviving spouse within two years of the insured's death, or was legally adopted by the surviving spouse and the insured began proceedings to adopt the child before the insured's death. 42 U.S.C. 416(e). Additionally, the SSA requires that the claimant be living with or receiving at least one-half of the claimant's support from the insured at the time of the insured's death. 42 U.S.C. 416(e).

In order to establish the support requirement for a posthumous child, several Circuits and at least one district court have adopted the standard set out in *Adams v. Weinberger,* 521 F.2d 656 (2nd Cir.1975). The *Adams* test held that support of a posthumous child is commensurate with the needs of the unborn claimant and should be construed liberally in favor of posthumous claimants. *Adams v. Weinberger,* 521 F.2d 656, 660 (2nd Cir.1975); Parsons *for Bryant v. Health and Human Services,* 762 F.2d 1188 (4th Cir.1985); *Dubinski v. Bowen,* 808 F.2d 611, 613 (7th Cir.1986); *Doran v. Schweiker,* 681 F.2d 605, 609 (9th Cir.1982); *Gay v. Heckler,* 583 F.Supp. 499 (N.D.Ga.1984); *see also Orsini v. Sullivan,* 903 F.2d 1393, 1396 (11th Cir.1990). Courts applying the

*Adams* test regarding support to a posthumous child look to whether support was provided to the birth mother of the unborn child. *Imani v. Heckler,* 797 F.2d 508, 513 (7th Cir.1986), *cert. denied,* 479 U.S. 988, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986). Examples of support to the mother that ensue to the child include providing the mother with medical care, shelter, food, money, transportation and financial support. *Adams,* 521 F.2d at 660.

■ Applying the *Adams* test to determine support of a posthumous child is both reasonable and consistent with the liberal construction to be given to the Social Security Act.[1] *Adams,* 521 F.2d at 659. On the other hand, the requirement imposed by some courts, that a father's support of an unborn child be "regular" and "continuous," is purposeless and would prevent almost all posthumous children from qualifying for benefits. *Adams,* 521 F.2d at 660.

While the *Adams* court analyzed a different, but related provision of the Social Security Act, the reasoning in *Adams* relating to posthumous children applies to the present action.

### IV. Analysis

Based upon a review of the record, the Commissioner's decision denying benefits is contrary to the applicable legal standard and is unsupported by substantial evidence.

■ The ALJ applied the wrong standard to determine whether Mr. Hester had contributed one-half of support to unborn Zachary before Mr. Hester's death. The ALJ determined that Mr. Hester did not contribute one-half support to unborn Zachary because there was no indication that contributions to Zachary were **frequent** or **regular.** (R. 19.) As explained

by the *Adams* court, the frequent and regular standard is not appropriate for proving support given to a posthumous child. *Adams,* 521 F.2d at 660 (discussing the "regular" and "continuous" test.) To determine the support given to a posthumous child, as is present in the case at bar, the ALJ should have applied the *Adams* test because it is more consistent to the liberal construction give to the Social Security Act, where posthumous children are involved. *Adams,* 521 F.2d at 659.

Using the *Adams* test, the record is supported by substantial evidence that prior to Mr. Hester's death, his contributions to Mrs. Thomason during her pregnancy were commensurate with the needs of unborn Zachary. Mr. Hester provided transportation for Mrs. Thomason to her physician's visits and to receive an ultrasound from September through December 1999. (R. 329.) During those same months, Mr. Thomason provided groceries for Mrs. Thomason. (*Id.*) The Hesters also provided Mrs. Thomason with cash. (*Id.*) Accordingly, Mr. Hester meets the requirements of the *Adams* test because the support provided by Mr. Hester was commensurate with that needed by the unborn claimant. Therefore, the record is supported by substantial evidence that Mr. Hester contributed at least one-half support to unborn Zachary.

For the reasons discussed above, the decision denying benefits will be REVERSED, by separate order.

### ORDER OF REVERSAL AND REMAND

Consistent with the accompanying Memorandum Opinion, the decision of the Defendant Commissioner is hereby RE-

---

1. The Eleventh Circuit has neither adopted nor rejected the *Adams* test to determine support to a posthumous child. *See Orsini v.* *Sullivan,* 903 F.2d 1393, 1396 (11th Cir. 1990).

VERSED. The case is REMANDED to the Commissioner with instructions that Plaintiff be granted benefits, subject to satisfaction of income and resource requirements.

The Commissioner shall withhold from payments due to Plaintiff an amount not to exceed 25% of the benefits to which Plaintiff is entitled, for payment of a reasonable attorney's fee, pursuant to 42 U.S.C. § 406(b).

The Commissioner shall advise the Court of the amount withheld so that the matter may be set for final determination of a reasonable attorney's fee for services rendered and expenses incurred in representing Plaintiff in this Court.