F I L E D
United States Court of Appeals
Tenth Circuit

OCT 28 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EVERETT RAY YOUNG,

        Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

        Defendant-Appellee.

No. 98-6411
(D.C. No. CV-97-221-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **EBEL** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Everett Ray Young appeals from the order of the district court affirming the final decision of the Commissioner of Social Security denying his application for Social Security disability insurance benefits. Young contends he became disabled in November 1989, primarily due to back, shoulder and knee problems. In a decision that now stands as the final decision of the Commissioner, the administrative law judge (ALJ) denied benefits at step four of the five-part sequential process for determining disability. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and review the Commissioner's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. *See Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).

Young was born in 1934 and has a twelfth-grade education. He was fifty-seven years old when he filed his application for benefits in March 1991, claiming he had been unable to work since November 1989 due to a back injury and arthritis in his left shoulder and right knee. Following two unfavorable ALJ decisions that were vacated and remanded by the Appeals Council, the ALJ found in April 1995 that Young was not disabled at step four. Specifically, the ALJ concluded that Young had the general functional capacity for light work, but with limitations in bending and an inability to climb, balance, crouch or crawl. He

then found that Young could perform his past relevant work as a route sales supervisor as it was performed nationally, at the light level, although he could not perform it as he previously did the job, which was at the heavy level, and his past work as a material coordinator. The Appeals Council denied review, making the third ALJ decision the final decision of the Commissioner. The district court affirmed, and Young now brings the matter to this court.

Young first contends that the ALJ erred by applying the wrong evidentiary standard or burden of proof to his claim for benefits. In his decision, the ALJ stated that "[a]fter a careful evaluation of the evidence of record and the testimony at the administrative hearing, the undersigned concludes that there is *substantial evidence* to find that the claimant is not disabled within the meaning of the Social Security Act." Appellant's App. Vol. I at 26 (emphasis added). [1] Young contends that the ALJ's conclusion that there was substantial evidence to find he was not disabled implies that the ALJ applied a burden of proof requiring him to prove there was *not* substantial evidence he was not disabled. He further contends that such a burden is impermissibly higher than the preponderance standard that applies to a claimant's burden at the first four steps of the sequential process.

---

[1] The same ALJ who issued the third decision also issued the second one, and he used similar "substantial evidence" language in that decision as well. *See id.* at 13.

We begin by agreeing with Young that a claimant's burden is the preponderance-of-the-evidence standard, though somewhat surprisingly, we cannot cite Supreme Court or Tenth Circuit authority on point. While we have often stated that a Social Security claimant has the burden of proof at the first four steps of the sequential process, and the Commissioner has the burden at step five, *see, e.g.*, *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991); *Williams*, 844 F.2d at 750-51; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984), we have not had the opportunity to say what that burden is. Though the Social Security Act does not specify the appropriate standard, we agree with the Seventh Circuit's conclusion that there is "no doubt that the preponderance of the evidence is the proper standard, as it is the default standard in civil and administrative proceedings." *Jones ex rel. Jones v. Chater*, 101 F.3d 509, 512 (7th Cir. 1996); *see also Gibson v. Heckler*, 762 F.2d 1516, 1518 (11th Cir. 1985); *Lanes v. Harris*, 656 F.2d 285, 288 (8th Cir. 1981); *Breeden v. Weinberger*, 493 F.2d 1002, 1005 (4th Cir. 1974); *cf. Steadman v. SEC*, 450 U.S. 91, 98-102 (1981) (holding that standard of proof under Administrative Procedures Act is "traditional" preponderance standard); *Richardson v. Perales*, 402 U.S. 389, 409 (1971) (noting similarity in administrative procedure between Social Security Act and APA). Thus, a claimant's burden at the first four steps of a Social Security case is to show the existence of particular facts (i.e., absence of

substantial gainful activity, presence of severe impairment, presence of listed impairment, inability to perform past relevant work) is more likely than the nonexistence of those facts. *Cf. Metropolitan Stevedore Co. v. Rambo*, 521 U.S. 121, 137 n.9 (1997) (discussing preponderance standard). Correspondingly, an ALJ must make his or her findings using the preponderance standard.

In contrast to the preponderance standard employed by ALJs and other factfinders, the "substantial evidence" standard is a standard of appellate review. This standard mandates affirmance of an ALJ's decision if there is substantial evidence supporting the ALJ's factual findings (assuming correct legal standards were applied). *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). As appellate courts often explain, "substantial evidence" is more than a mere scintilla of evidence, but--critically for present purposes--less than a preponderance, *see, e.g.*, *Sisco v. United States Dep't of Health & Human Servs.*, 10 F.3d 739, 741 (10th Cir. 1993); *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987), and "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence," *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966). Thus, appellate review based on substantial evidence is deferential to the factfinder's determination in the sense

-5-

that the reviewing court does not weigh the evidence itself as does the factfinder, but instead, determines only whether there is "such relevant evidence as a reasonable mind might accept as adequate to support [the factfinder's] conclusion." *Richardson*, 402 U.S. at 401 (quotation omitted).

By stating that there was "substantial evidence" supporting his finding that Young was not disabled, the ALJ "confused two legal canons designed to serve entirely distinct purposes." *Charlton v. FTC*, 543 F.2d 903, 907 (D.C. Cir. 1976). To an ALJ obligated to find facts by a preponderance of the evidence, saying something is supported by substantial evidence is virtually meaningless because it is not tied to the preponderance standard. It implies that his findings could be based on something less than a preponderance, *see id.* ("Nowhere in our jurisprudence have we discerned acceptance of a standard of proof tolerating something less than the weight of the evidence.") (quotation omitted), or that he was not necessarily persuaded by the evidence one way or the other. It could even mean, as Young contends, that the ALJ required him to prove there was not substantial evidence he was not disabled.

Though the district court recognized that "the ALJ incorrectly identified, in the narrative portion of his opinion, the evidentiary standard as 'substantial evidence to find that the claimant is not disabled,'" Appellant's App. Vol. I at 71 (citation omitted), the district court nonetheless affirmed the ALJ's decision--on

the bases that the ALJ identified the criteria supporting his decision and that substantial evidence supported that decision. To the extent that the district court determined that other parts of the ALJ's decision demonstrated that he properly applied the preponderance standard, we cannot agree with this conclusion in this case. Nothing in this record necessarily indicates that his findings were based on a preponderance of the evidence rather than on substantial evidence. And the fact that the ALJ's findings may be supported by substantial evidence, which the Commissioner contends validates the ALJ's decision, is irrelevant to the fundamental and primary question of whether the ALJ applied the correct standard. Application of the correct standard is a legal issue on which the existence of substantial evidence has no bearing.

We therefore conclude that the ALJ committed legal error and that his decision cannot stand. We emphasize that our conclusion is based on the ALJ's explicit articulation of the incorrect standard and the absence of evidence in the record indicating he in fact applied the correct standard. We are not addressing a situation in which the record is silent on what standard the ALJ applied.

Young also contends that regardless of what standard of proof the ALJ applied, the ALJ erred by failing to make required findings regarding the demands of his past relevant work and his ability to meet those demands given his RFC, citing *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996), and *Henrie v. United*

*States Dep't of Health & Human Servs.*, 13 F.3d 359 (10th Cir. 1993). We agree with this contention as well.

In *Henrie*, we explained that Social Security Ruling 82-62 requires that at step four, an ALJ make findings regarding "1) the individual's residual functional capacity, 2) the physical and mental demands of prior jobs or occupations, and 3) the ability of the individual to return to the past occupation given his or her residual functional capacity." 13 F.3d at 361. In *Winfrey*, we held that the ALJ must make these findings himself on the record. *See* 92 F.3d at 1025 ("[W]hile the ALJ may rely on information supplied by the [vocational expert] at step four, the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform his past relevant work."). The ALJ made the first set of required findings, determining that Young could perform light work with a limited ability to bend and an inability to climb, balance, crouch or crawl. He then ostensibly made the finding required at the third step, concluding that "claimant's past relevant work as material coordinator and route sales supervisor did not require the performance of work related activities precluded by the above limitation(s)." Appellant's App. Vol. I at 29. However, he failed to make the second required findings regarding the demands of Young's past work, an omission that invalidates the latter finding.

The ALJ did question a vocational expert regarding whether an individual with Young's limitations, as the ALJ found them, could perform Young's past work. The expert testified that Young could perform his past work as a route sales supervisor as it was performed in the national economy (but not as Young performed it, which was at the heavy exertional level) and as a material coordinator, and the ALJ noted that testimony in his decision. However, the ALJ himself did not make the required findings on the record regarding the demands of Young's past work. *See Winfrey*, 92 F.3d at 1025.

The Commissioner argues that *Winfrey* is inapplicable to this case because, unlike the situation there where the hypothetical question to the vocational expert did not accurately reflect all of the claimant's limitations, *see id.* at 1026, the one here did. That valid factual distinction, however, does not diminish *Winfrey*'s requirement that the ALJ make his own findings on the record, which is required by the Commissioner's own ruling. *See* Social Security Ruling 82-62. The Commissioner also argues that even if *Winfrey* is applicable, the ALJ made adequate findings. Even if we generously read the ALJ's decision as finding that Young's past relevant work was light, *see* Appellant's App. Vol. I at 28 ("Although the claimant performed the work in the heavy range, the directory [sic] of occupational titles indicated the work was performed at the light level normally . . . ."), the ALJ made no findings regarding whether performance of that

work would be affected by Young's limitations in bending, climbing, balancing, crouching or crawling.

Therefore, for the reasons stated above, the judgment of the district court is REVERSED, and the case is REMANDED to the district court with directions to remand the case to the Commissioner for further proceedings not inconsistent with this order and judgment.

<br>

Entered for the Court

<br><br>

David M. Ebel
Circuit Judge