# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3512

_____

Lisa Perks, on behalf of Courtney    *
Shea Bonhomme, a Minor Child,    *
   *
      Appellant,    *
   *   Appeal from the United States
    v.    *   District Court for the
   *   Western District of Missouri.
Kenneth S. Apfel, Commissioner    *
of Social Security,    *    **[UNPUBLISHED]**
   *
      Appellee.    *

_____

Submitted: August 16, 2000
Filed: August 18, 2000

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Lisa Perks applied for a surviving child's Social Security benefits on behalf of her daughter, Courtney Shea Bonhomme, based on the earnings record of deceased wage earner Joseph Bonhomme, who died one month before Courtney was born on

June 18, 1990.  Perks now appeals the district court's[1] judgment affirming the Commissioner's denial of child survivor benefits.  We affirm.

The Social Security statutes and regulations provide alternative methods of proving paternity so as to establish a child's eligibility for child survivor benefits.  See 42 U.S.C. § 416(h); 20 C.F.R. § 404.355.   Bonhomme and Perks never married, and they never lived together.  Bonhomme never acknowledged in writing that Courtney was his child, he was never decreed by a court to be Courtney's father, and he never contributed to her support.  Thus, Perks cannot establish paternity under the criteria set forth in §§ 416(h)(2)(B) and (C).  However, survivor benefits are also available to children who have the right to inherit the wage earner's intestate personal property under the laws of his State of domicile, in this case, Missouri.  See 42 U.S.C. § 416(h)(2)(A); 20 C.F.R. § 404.355(a)(1).  Missouri law provides that a child born out of wedlock may inherit from her natural father if paternity is established by clear and convincing proof following the father's demise.  See Mo. Rev. Stat. § 474.060(2); Jones v. Chater, 101 F.3d 509, 511 (7th Cir. 1996).  Clear and convincing evidence is that which instantly tilts the scales in the affirmative, when weighed against opposing evidence, and clearly convinces the factfinder of its truth.  See State ex. rel. Hobbs v. Tuckness, 949 S.W.2d 651, 656 (Mo. App. 1997).

Applying this standard, the Commissioner's administrative law judge (ALJ) denied Perks's application for child survivor benefits.  The ALJ discredited Perks's self-serving testimony as contradictory and unreliable, and he rejected other statements submitted in support of the application as inconsistent and not credible.  Noting that Perks initially claimed that another man was Courtney's father, until blood tests excluded him, and that Bonhomme gave Perks no financial support during her

[1]The HONORABLE SARA W. HAYS, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

pregnancy and never told his family that he had fathered a child, the ALJ concluded that paternity had not been established by clear and convincing evidence. Having carefully reviewed the record, we conclude that the ALJ's credibility findings must be accepted, <u>see</u> <u>Dixon v. Sullivan</u>, 905 F.2d 237, 238 (8th Cir. 1990), and therefore the ALJ's decision is supported by substantial evidence on the record as a whole. <u>See</u> <u>Briggs v. Callahan</u>, 139 F.3d 606, 608 (8th Cir. 1998) (standard of review).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.