**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JIMMY YZAGUIRRE,

        Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

        Defendant - Appellee.

No. 02-6024
(D.C. No. CIV-01-444-R)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **O'BRIEN** and **PORFILIO** , Circuit Judges, and **KANE** ,** Senior District
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**     The Honorable John L. Kane, Senior District Judge, United States District
Court for the District of Colorado, sitting by designation.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Claimant Jimmy Yzaguirre appeals the district court's affirmance of the decision by the Commissioner of Social Security denying his application for disability benefits. Because it appears the administrative law judge (ALJ) used an incorrect standard to determine claimant's eligibility for benefits, we reverse and remand to the district court with directions to further remand the case to the Commissioner for additional proceedings.

Claimant filed for disability benefits alleging an inability to work after April 1, 1996, due to alcoholism and a mental impairment. After a hearing, the ALJ held that there was "substantial evidence" to find that the claimant was not disabled, and concluded that claimant retained the ability to return to his former work. Aplt. App. at 13, 16. The Appeals Council denied review, making the ALJ's determination the final decision of the Commissioner. The district court affirmed, and this appeal followed.

We review the Commissioner's decision only to determine whether it is supported by substantial evidence and whether legal errors occurred. *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402

U.S. 389, 401 (1971) (further quotation omitted). We may not reweigh the evidence or substitute our judgment for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

Claimant argues that the ALJ erred as a matter of law by using the "substantial evidence" standard instead of the "preponderance of the evidence" standard. Aplt. Br. at 19-21. The Commissioner argues that we should not consider this issue because it was not raised to the district court. In general, we will not consider an issue raised for the first time on appeal. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994). We have been willing to consider such an issue, however, when it involves a question of law, the resolution of which is beyond reasonable doubt, and the failure to address the issue would result in a miscarriage of justice. *See Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289-90 n.2 (10th Cir. 1995). We believe the question of whether the ALJ applied the correct standard of proof meets this criteria, and therefore elect to consider the issue.

The Social Security Act does not specify what standard of proof the agency should apply in determining whether a claimant is disabled. The circuits that have considered this issue have concluded that "the preponderance of the evidence is the proper standard, as it is the default standard in civil and administrative proceedings." *Jones ex rel. Jones v. Chater*, 101 F.3d 509, 512

(7th Cir. 1996); *see also Gibson v. Heckler*, 762 F.2d 1516, 1518 (11th Cir. 1985); *Breeden v. Weinberger*, 493 F.2d 1002, 1005-06 (4th Cir. 1974). We agree that the preponderance of the evidence standard applies to disability determinations under the Social Security Act.

Although the Supreme Court has not directly addressed the question, it has held that the preponderance of the evidence standard applies in other agency adjudications, including disability proceedings. *See, e.g.*, *Mullins Coal Co. v. Dir., Office of Workers' Comp. Programs*, 484 U.S. 135, 156-61 & n.35 (1987) (holding that under black lung disability statute which did not specify quantum of proof, miners must "establish" the facts entitling them to a statutory presumption by a preponderance of the evidence); *see also Steadman v. SEC*, 450 U.S. 91, 98-102 (1981) (holding that standard of proof under Administrative Procedure Act is "traditional" preponderance standard); *Richardson*, 402 U.S. at 409 (noting similarity in administrative procedure between Social Security Act and APA).

In contrast, the "substantial evidence" standard is an appellate standard of review which requires a reviewing court to defer to agency factual findings if they are supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). The factual findings to which we defer, however, must result from a weighing of the evidence to decide whether a

-4-

claimant's disability has been shown by a preponderance of the evidence. *See Steadman*, 450 U.S. at 98-100 (describing the difference between an evidentiary weighing process and judicial review). By stating that there was "substantial evidence" to support his finding that claimant was not disabled, the ALJ "confused two legal canons designed to serve entirely distinct purposes" and sought to engraft a standard of appellate review upon the fact finding process. *Charlton v. FTC*, 543 F.2d 903, 907 (D.C. Cir. 1976).

The Commissioner argues that claimant's challenge should be deemed waived because claimant cannot show beyond a reasonable doubt that he would have been found disabled had the correct standard been applied. This argument misconstrues the exception to the waiver rule, however. It is the resolution of the purely legal question that must be certain, not the ultimate outcome of the proceeding. The question of which standard of proof applies is a legal issue that may be determined with certainty.

The Commissioner also argues that the ALJ's reference to substantial evidence does not mean that he used the wrong standard, and that based on the medical evidence the ALJ's statement was harmless error. There is no indication that the ALJ used a standard other than the one he explicitly articulated, however, which was legally incorrect. By concluding there was "substantial evidence to find the claimant is not disabled," Aplt. App. at 13, the ALJ's decision may rest

-5-

on less than a preponderance of the evidence, or may even rest on claimant's inability to negate the existence of substantial evidence. Further, claimant's medical evidence is not so lacking as to permit us to hold that he is not disabled as a matter of law. We conclude that the ALJ committed legal error and that his decision cannot stand. Because the decision must be reversed, we do not address claimant's second argument that the ALJ failed to assess the mental demands of his former work.

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is REMANDED with directions to further remand the case to the Commissioner for additional proceedings.

Entered for the Court

Terrence L. O'Brien
Circuit Judge