NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2008[*]
Decided January 22, 2008

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 07-2178

| | |
|---|---|
| JACQUELINE GILDON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division |
| v. | No. 3:05-CV-702 AS |
| MICHAEL J. ASTRUE, Commissioner of Social Security, *Defendant-Appellee.* | Allen Sharp, *Judge.* |

**O R D E R**

This appeal arises from the latest in a string of administrative decisions denying Jacqueline Gildon's applications for disabled widow's insurance benefits. *See* 42 U.S.C. § 402(e). An applicant seeking disabled widow's insurance benefits must show that she has attained the age of 50 and is under a disability that began within seven years of her spouse's death. *See id.* § 402(e)(1), (4). Gildon's husband died in October 1977; thus, to be entitled to benefits Gildon must have a disability that began before October 1984. Before filing the application that is the subject of the current appeal, Gildon filed three applications that were all either denied or

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

dismissed. The administrative law judge initially dismissed the current application on the grounds of *res judicata*. But the Appeals Council vacated the dismissal because the records from her prior applications had been destroyed. On remand the ALJ conducted a hearing and ultimately concluded that Gildon had not shown that she was suffering from a disability that began before October 1984. This time the Appeals Council declined to review the ALJ's decision, making it the final decision of the Commissioner. *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). Gildon sought review in the district court but it affirmed, finding that the Commissioner's decision is supported by substantial evidence. Gildon appeals, and we also affirm.

At the hearing on remand Gildon submitted copies of five documents created in the mid- to late-1970's in connection with her applications for state disability benefits in Indiana. The documents are mostly illegible. Gildon submitted two forms titled "Determination of Permanent and Total Disability Medical Evidence" that appear to have been filled out by examining physicians, but because of the poor reproduction quality, their descriptions of her condition are impossible to read. The only legible diagnoses say that Gildon had anxiety and scoliosis in November 1977. But both doctors checked a box certifying that she had

> a physical or mental impairment, disease or loss which appears reasonably certain to continue throughout the lifetime of the individual without significant improvement and which substantially impairs [her] ability to perform labor or services or to engage in a useful occupation.

One of the doctors also submitted a letter to the Indiana welfare office in September 1976 noting that Gildon "continues to be totally disabled at this time." The remaining two forms are titled "Determination of Permanent and Total Disability Decision of Medical Review Team." There is no evidence that the doctors who signed these forms examined Gildon, but both doctors checked a box certifying that Gildon met "the eligibility requirement of permanent and total disability," and the second doctor checked a box certifying that as of August 1978 reexamination was not required.

The ALJ concluded that although Gildon is currently disabled—she has been receiving Supplemental Security Income disability benefits since December 1990—she did not meet her burden of showing that she suffered from a continuous, severe impairment beginning before October 1984. The ALJ could not identify from the evidence what impairments other than anxiety and scoliosis Gildon had before 1984; nor could he determine from the "scanty record" whether those conditions were severe. The ALJ noted that there was no evidence of Gildon's condition from 1978 until 1984, and that the only evidence from the period before 1978 consisted of conclusory statements that Gildon was eligible for state public assistance. The ALJ

thus concluded that Gildon is not entitled to disabled widow's insurance benefits. *See* 42 U.S.C. §§ 402(e)(1)(B), 423(d)(1)(A), (2)(A).

On appeal Gildon argues that the ALJ gave insufficient weight to the doctors' opinions that she was disabled, and that even though the forms reflect mere conclusions, they are sufficient to show that she was suffering from a permanent, severe impairment that began before October 1984. Notably, Gildon has not explained what that impairment was. In reviewing the ALJ's decision we ask only whether it is supported by substantial evidence. 42 U.S.C. § 405(g); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). We do not reweigh the evidence, *Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006), and we will affirm as long as the ALJ "identifies supporting evidence in the record and builds a logical bridge from that evidence to the conclusion," *Giles ex rel. Giles v. Astrue*, 483 F.3d 483, 486 (7th Cir. 2007).

Gildon argues there is no "logical foundation" for the ALJ's decision to discount the doctors' conclusions that she was disabled before 1984. Whether Gildon was disabled during that time is an issue reserved to the Commissioner, *see* 20 C.F.R. § 404.1527(e)(1), and she "is not entitled to disability benefits simply because her physician states that she is 'disabled,'" *see Dixon v. Massanari*, 270 F.3d 1171, 1177 (7th Cir. 2001). As the ALJ pointed out, the quality of the documents Gildon submitted is so poor that it is impossible to determine what conditions or symptoms led the doctors to conclude that Gildon was disabled. An ALJ is not required to accept a doctor's opinion if it "is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000) (noting that an ALJ may reject a doctor's opinion that is conclusory and unsupported by evidence). Nor is a doctor's opinion that Gildon was eligible for state benefits conclusive on the question whether she is eligible for disabled widow's insurance benefits. *See, e.g., Clifford v. Apfel*, 227 F.3d 863, 874 (7th Cir. 2000) (stating that an ALJ is not bound by another governmental agency's findings concerning whether a claimant is disabled); *Ramey v. Reinertson*, 268 F.3d 955, 962 (10th Cir. 2001) (noting that whether an applicant meets social security eligibility requirements is "an inquiry that is different from a state's Medicaid eligibility requirements" (emphasis omitted)). Thus the ALJ acted within his discretion in determining that the doctors' conclusory opinions are insufficient to show that Gildon is entitled to disabled widow's insurance benefits.

Gildon also argues that in the absence of countervailing evidence, it was "illogical" for the ALJ to conclude that she did not have a severe impairment at the relevant time. But the Commissioner had no duty to submit countervailing evidence because Gildon bore the burden of proof. *See Clifford*, 227 F.3d at 868 (noting that the claimant bears the burden to prove that her impairment is severe).

Although there are surprisingly few published cases addressing the issue, we have said that the preponderance of the evidence standard applies in social security cases. *See Jones ex rel. Jones v. Chater*, 101 F.3d 509, 512 (7th Cir. 1996); *see also Gibson v. Heckler*, 762 F.2d 1516, 1518 (11th Cir. 1985); *Breeden v. Weinberger*, 493 F.2d 1002, 1005 (4th Cir. 1974). Under this standard, Gildon was required to show that it is more likely than not that she is suffering from a continuous, severe impairment that began in the relevant period. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006) (noting that "more likely than not" is a restatement of the preponderance standard). Although Gildon submitted some evidence in support of her claim, the ALJ was within his discretion to conclude that the evidence was insufficient to meet her burden of proof. As the ALJ explained, the doctors' "conclusory statements about eligibility for state medical assistance" had limited bearing on whether her conditions "caused more than minimal functional limitations at the relevant time period." Gildon essentially asks us to reweigh the evidence supporting the ALJ's conclusion, but that is not our role. *See Prochaska*, 454 F.3d at 735.

AFFIRMED.